UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 23 Cr. ____ (____) |
| TROY CARUSO, and JOHN NOLAN, | 23 CRIM 654 |
| Defendants. | |

The Grand Jury charges:

## OVERVIEW

1. At all times relevant to this Indictment, TROY CARUSO, the defendant, has been the owner and chief executive officer of a commercial construction and contracting company headquartered in New York, New York (the "Contracting Company"), and JOHN NOLAN, the defendant, has been the executive vice president of the Contracting Company. From at least in or about February 2021, up to and including in or about September 2023, CARUSO and NOLAN agreed to pay, and did pay, kickbacks to an employee of a global and publicly traded commercial real estate services company (the "Real Estate Firm") in exchange for assistance and preferential treatment so that the Contracting Company would be awarded projects managed by the Real Estate Firm (the "Kickback Scheme").

2. In or about March 2021, TROY CARUSO and JOHN NOLAN, the defendants, were introduced by an individual ("CC-1") to a senior project manager at the Real Estate Firm ("CC-2"). CC-2 managed the process by which contracting companies bid for, and are awarded, contracts to work on construction projects for various of the Real Estate Firm's clients. Beginning in or about March 2021, because of the Kickback Scheme, CC-2 took a series of actions CC-2 otherwise would not have taken to ensure that the Contracting Company was awarded a pre-

construction contract and a construction contract relating to a certain project ("Project-1"), which was managed by the Real Estate Firm on behalf of its client, a health services business that provides hospital, medical, and other health services to patients. For example, CC-2 ensured that the Contracting Company was on the Real Estate Firm's "bid list" so that it could submit bids relating to Project-1 that it otherwise could not have submitted. CC-2 also provided non-public information to CARUSO and NOLAN about the bidding process, and recommended the Contracting Company for both the pre-construction contract and the construction contract relating to Project-1. As a result of the Kickback Scheme and CC-2's actions, the Contracting Company was awarded the pre-construction and construction contracts for Project-1, the latter of which was valued at approximately $3.55 million (to be paid to the Contracting Company).

3. In exchange for CC-2's assistance and preferential treatment, TROY CARUSO and JOHN NOLAN, the defendants, agreed to pay kickbacks to CC-2 in the amount of approximately one percent of the construction value of any project managed by the Real Estate Firm that resulted in a contract award to the Contracting Company. Accordingly, CARUSO and NOLAN agreed to pay CC-2 approximately $35,500 for Project-1, and ultimately paid CC-2 approximately $33,000 in kickbacks for CC-2's assistance on Project-1. Most of these payments were made in cash at locations around New York, New York, including at a restaurant. CARUSO and NOLAN also paid CC-1 approximately $15,000 for CC-1's assistance in the Kickback Scheme, which included connecting CC-2 with CARUSO and NOLAN.

4. TROY CARUSO and JOHN NOLAN, the defendants, attempted to obtain additional contracts from the Real Estate Firm, with CC-2's assistance and pursuant to the Kickback Scheme. Between in or about 2022 and in or about 2023, in exchange for CARUSO and NOLAN's promise of payment for any contract awarded to the Contracting Company, CC-2

provided CARUSO and NOLAN with assistance relating to two additional construction projects managed by the Real Estate Firm ("Project-2" and "Project-3") that did not result in contract awards to the Contracting Company.

## STATUTORY ALLEGATIONS

### COUNT ONE
(Conspiracy to Commit Honest Services Fraud)

The Grand Jury further charges:

5. The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if set forth fully herein.

6. From at least in or about February 2021, up to and including at least in or about September 2023, in the Southern District of New York and elsewhere, TROY CARUSO and JOHN NOLAN, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

7. It was a part a part and object of the conspiracy that TROY CARUSO and JOHN NOLAN, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and to deprive the Real Estate Firm of its intangible right to honest services from its employee (*i.e.*, CC-2), would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, to wit, CARUSO and NOLAN agreed to defraud the Real Estate Firm of its right to CC-2's honest services by offering to pay—and by, in fact, paying—kickbacks to CC-2 in exchange for CC-2's assistance in awarding construction contracts to the Contracting Company from the Real Estate Firm.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Honest Services Fraud)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if set forth fully herein.

9. From at least in or around February 2021 up to and including at least in or about September 2023, in the Southern District of New York and elsewhere, TROY CARUSO and JOHN NOLAN, the defendants, having devised and intending to devise a scheme and artifice to defraud, and to deprive the Real Estate Firm of its intangible right to the honest services of its employee (*i.e.*, CC-2), transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, and attempted to do the same, to wit, CARUSO and NOLAN agreed to defraud the Real Estate Firm of its right to CC-2's honest services by offering to pay—and by, in fact, paying— kickbacks to CC-2 in exchange for CC-2's assistance in awarding construction contracts to the Contracting Company from the Real Estate Firm.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

### FORFEITURE ALLEGATIONS

10. As a result of committing the offenses charged in Counts One and Two of this Indictment, TROY CARUSO and JOHN NOLAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two, including

but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

### Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

*Damian Williams*  
DAMIAN WILLIAMS  
United States Attorney

5